**SCHULTZ & ASSOCIATES LLP**
Ronald J. Eisenberg (*pro hac vice anticipated*)
640 Cepi Drive, Suite A
Chesterfield, Missouri   63005
Telephone:   (636) 537-4645
Facsimile:    (636) 537-2599
reisenberg@sl-lawyers.com

**MARLIN & SALTZMAN, LLP**
Stanley D. Saltzman (SBN 90058)
Adam M. Tamburelli (SBN 301902)
29800 Agoura Road, Suite 210
Agoura Hills, California   91301
Telephone:   (818) 991-8080
Facsimile:    (818) 991- 8081
ssaltzman@marlinsaltzman.com
atamburelli@marlinsaltzman.com

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| RYOO DENTAL, INC. d/b/a RYOO DENTAL, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br>v.<br><br>DENTSPLY SIRONA, INC. d/b/a DENTSPLY MAILLEFER and ENDOCO INC. d/b/a ULTIMATE DENTAL,<br><br>        Defendants. | No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.**<br><br>**JURY TRIAL DEMANDED** |

- 1 -

CLASS ACTION COMPLAINT

Plaintiff Ryoo Dental, Inc. d/b/a Ryoo Dental ("Plaintiff") brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Defendant Dentsply Sirona, Inc. d/b/a Dentsply Maillefer and Defendant Endoco Inc. d/b/a Ultimate Dental (collectively, "Defendants") for their violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the regulations promulgated thereunder.

## JURISDICTION AND VENUE

1.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

3.     The Court has personal jurisdiction over Defendants because they conduct business in this State, including substantial business in this district.

## PARTIES

4.     Plaintiff is a California corporation with its principal place of business in Orange County, California.

5.     Dentsply Sirona, Inc. d/b/a Dentsply Maillefer ("Dentsply Maillefer") is a Delaware corporation that is registered with the California Secretary of State to transact business in California and has its principal place of business in York, Pennsylvania.

6.     Defendant Endoco, Inc. d/b/a Ultimate Dental ("Ultimate Dental") is a Tennessee corporation with is principal place of business in Memphis, Tennessee.

## COMMON FACTUAL ALLEGATIONS

7.     The professional dental industry encompasses the diagnosis, treatment and prevention of disease and ailments of the teeth, gums and supporting bone.

8.     Dentsply Sirona is one of the largest dental supply companies in the

- 2 -

world, producing dental equipment, anesthetics, implants and other supplies for sales to dental offices.

9.     According to its most recently filed 10-K, "Dentsply Sirona's principal dental product categories are dental consumable products, dental laboratory products, dental specialty products and dental equipment. These products are produced by Dentsply in the U.S. and internationally and are distributed throughout the world under some of the most well-established brand names and trademarks in these industries, including ANKYLOS, AQUASIL ULTRA, ARTICADENT, ASTRA TECH, ATLANTIS, CALIBRA, CAULK, CAVITRON, CELTRA, CERAMCO, CERCON, CEREC, CEREC MCX, CITANEST, DAC, DELTON, DENTSPLY, DETREY, DYRACT, ESTHET.X, GALILEOS, INLAB, IN-OVATION, INTEGO, LOFRIC, **MAILLEFER**, MIDWEST, MTM, NUPRO, OMNICAM, ORAQIX, ORIGO, ORTHOPHOS, OSSEOSPEED, PALODENT PLUS, PEPGEN P-15, PORTRAIT, PRIME & BOND, PROFILE, PROGLIDER, PROTAPER, RECIPROC, RINN, SANI-TIP, SCHICK, SENSE, SENTALLOY, SINIUS, SIROLASER, SIRONA, SLIMLINE, STYLUS, SULTAN, SUREFIL, T1, T2, T3, T4, TENEO, THERMAFIL, TRIODENT MATRIX SYSTEMS, TRUBYTE, VIPI, WAVEONE, WELLSPECT, XENO, XIVE, XYLOCAINE and ZHERMACK." (emphasis supplied).[1]

10.     Dentsply Maillefer describes itself "as a leader in endodontics and trusted partner in dental surgery," claiming that it "shape[s] the future by delivering innovative solutions and education programs that are best in class."[2]

/ / /

---

[1]     *See* Form 10-K, DENTSPLY SIRONA Inc., *available at* https://seekingalpha.com/filing/3438236 (last visited Oct. 10, 2017).

[2]     *See* Company Dentsply Sirona Endodontics, www.dentsplymaillefer.com/company (last visited Oct. 17, 2017).

CLASS ACTION COMPLAINT

11.     Dentsply Maillefer is a division of Dentsply Sirona, with approximately 900 employees and a turnover of nearly $293 million in 2013 alone.[3] Dentsply Maillefer produces nearly one million products each day in its three production plants.[4]

12.     While Dentsply Maillefer does have a marketing team, it does not sell its products directly to consumers.  Instead, it contracts with distributors worldwide to sell the products for it.  United States-based consumers (namely, the dentists and oral surgeons that use its products) are required to purchase Dentsply Maillefer's products through one of its twenty-one authorized dealers.[5]

13.     Ultimate Dental—"a full service dental supply company"—has been an authorized dealer of Dentsply Maillefer for years.[6] In addition to Dentsply Maillefer, Ultimate Dental is also a distributor for five other Dentsply Sirona divisions, including "Dentsply Caulk | Dentsply Sirona Restorative," "Dentsply Midwest," "Dentsply Pharmaceutical," "Dentsply Professional," and "Dentsply Rinn."[7]

14.     To market its partners' products, Ultimate Dental uses both an in-house sales team and "an outbound telemarketing sales department," which was created in 2010.[8]

---

[3]     *Id.*

[4]     *Id.*

[5]     *See* Dealers, Dentsply Maillefer North America, http://www.maillefer.com/dealers/ (last visited Oct. 17, 2017).

[6]     Welcome to Ultimate Dental, Ultimate Dental: A Division of Endoco, Inc., http://www.ultimatedental.com/ (last visited Oct. 17, 2017).

[7]     Manufacturing Partners, Ultimate Dental: A Division of Endoco, Inc., http://www.ultimatedental.com/content/ManufacturingPartners.asp (last visited Oct. 17, 2017).

[8]     History, Ultimate Dental: A Division of Endoco, Inc., http://www.ultimatedental.com/content/History.asp (last visited Oct. 17, 2017).

CLASS ACTION COMPLAINT

15.     In an effort to increase its sales, Ultimate Dental, among other things, advertises on Dentsply Maillefer's behalf and offers numerous promotions for its products.

16.     By way of example, Ultimate Dental currently has fourteen rebate offers[9] and four 2017 fourth quarter promotional offers for Dentsply Maillefer alone.[10]

17.     Ultimate Dental offers these promotions via its website as well as via unsolicited fax advertisements. On information and belief, Ultimate Dental has sent unsolicited faxes announcing the commercial availability of Dentsply Maillefer's products to thousands of dental offices throughout the country. An exemplar of the fax advertisements sent by Ultimate Dental on behalf of Dentsply Maillefer is attached as **Exhibit 1** (the "Fax") hereto.

18.     The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services. In particular, the Fax announces the commercial availability of Dentsply Maillefer Sealers by providing an offer to: "Buy Any 2, Get 1 Free! _PLUS_ Get 6 Packs of Original Files Free!" (Ex. 1.) The free goods have a "Value up to $125.40." (*Id.*) The same promotion is listed on Ultimate Dental's website.[11]

19.     To obtain the promotion, purchasers must provide Ultimate Dental the Dentsply promotion code "MCD." (Ex. 1.)

20.     The Fax indicates that all free goods obtained through the purchase with Ultimate Dental will "ship from Maillefer" directly. (*Id.*)]

---

[9]     Maillefer Rebate Offers, Ultimate Dental: A Division of Endoco, Inc., http://www.ultimatedental.com/products/MailleferRebateOffer.asp?page=1&rpp=50 (last visited Oct. 17, 2017).

[10]    DENTSPLY Maillefer 4th Quarter 2017 Promotional Offers, available at ftp://ftp.endoco.com/Q417/DentsplyMaillefer.pdf (last visited Oct. 17, 2017).

[11]    Maillefer Rebate Offers, Ultimate Dental: A Division of Endoco, Inc., http://www.ultimatedental.com/products/MailleferRebateOffer.asp?page=1&rpp=50 (last visited Oct. 17, 2017).

CLASS ACTION COMPLAINT

21.     Ultimate Dental had actual and/or apparent authority to send the Fax, and similar ones like it, as it used the Dentsply Maillefer logo and sold Dentsply products using a Dentsply-specific promotion.

22.     On information and belief, Dentsply approved of the Fax in advance of the sending, as it profited from the sale of its Sealers product (among other products) by Ultimate Dental. Dentsply further ratified the sending of the Fax by sending free products to recipients who responded to the promotion.

23.     On information and belief, Defendants worked together to participate in a joint scheme to broadcast fax advertisements by: (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the facsimiles, (c) creating and approving the facsimile form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

24.     On information and belief, Defendants have sent, or have had sent on their behalf, other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to Plaintiff and to at least 40 other persons as part of a plan to broadcast fax advertisements.

25.     Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited fax advertisements must meet the following criteria:

(A)    The notice is clear and conspicuous and on the first page of the advertisement;

(B)    The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

(C)    The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)    The notice includes—

CLASS ACTION COMPLAINT

(1)   A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2)   If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)   The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

26.   The Fax and, upon information and belief, Defendants' similar fax advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

27.   Accordingly, the transmissions of fax advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

28.   Additionally, and on information and belief, Defendants faxed the same or other substantially similar fax advertisements to the members of the Class throughout the United States without first obtaining the recipients' prior express invitation or permission.

29.   Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R.

CLASS ACTION COMPLAINT

§ 64.1200(a)(4).

30.    Defendants knew or should have known that: (a) fax advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive fax advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' fax advertisements did not display a proper opt-out notice.

31.    Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of fax advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of fax advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

32.    The transmissions of fax advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their facsimile machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## FACTS SPECIFIC TO PLAINTIFF

33.    Plaintiff Ryoo Dental is a single doctor dental office located in Fullerton, California.

34.    On or about February 13, 2017, Ultimate Dental (or a party acting on its behalf) utilized a telephone facsimile machine, computer, or other device to

send an unsolicited advertisement to Plaintiff's telephone facsimile machine at (714) 333-1840, a copy of which is attached as **Exhibit 1** (Fax).

35.    Plaintiff received the single-page Fax, which identifies both Ultimate Dental and Dentsply Maillefer, through Plaintiff's telephone facsimile machine.

36.    The Fax included an advertisement to "Buy Any 2, Get 1 Free! *PLUS* Get 6 Packs of Original Files FREE!," and offered Dentsply Maillefer Sealers, a starter kit, syringe refills, powder & liquid, resin refills, and tubes for sale from Ultimate Dental. (*See* Ex. 1.) The Fax informed Plaintiff that any free products obtained via the promotion would be sent from Dentsply Maillefer directly.

37.    The Fax was sent from (888) 652-6277, and the header of the Fax identified the sender as Allie Shackleford, who is listed on Ultimate Dental's website as the department contact for "Bulk Purchasing Agreements / Sales Secretary."[12]

38.    The single-page Fax did not inform Plaintiff of its ability to opt out of receiving future fax advertisements, let alone instructions for doing so.

39.    Plaintiff did not provide prior express invitation or permission to Defendant Ultimate Dental or Defendant Dentsply Maillefer to send the Fax. Plaintiff further does not have a prior existing business relationship with either Defendant.

40.    As a direct result of its receipt of the Fax, Plaintiff was harmed in the form of unwanted use and destruction of its property (e.g., toner or ink and paper), undesired wear on its hardware, interference with its exclusive use of its property, unnecessary expenditure of time and resources by its staff, occupation of its fax machine for the period of time required for the electronic transmission of the data, and interference with its business or personal communications and privacy interests.

---

[12] *See* Contact Us, Ultimate Dental, https://www.ultimatedental.com/content/ContactInformation.asp (last visited Oct. 10, 2017).

CLASS ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

41.     Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who, within four years of the filing of this Complaint, subscribed to a telephone number that received a facsimile message: (i) sent by or on behalf of Defendants advertising Defendants' products or services (ii) that did not contain the "opt-out" noticed required by the TCPA.

42.     Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

43.     This case is appropriate as a class action because:

a.     <u>Numerosity.</u> On information and belief, based in part on review of the sophisticated Fax and online research, the Class includes at least 40 persons and is so numerous that joinder of all members is impracticable. The Class members may be ascertained by the records maintained by Defendants.

b.     <u>Commonality.</u>   Questions of fact or law common to the Class predominate over questions affecting only individual Class members, including but not limited to:

i.     Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

ii.     Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

iii.     Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

iv.     The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

- 10 -

CLASS ACTION COMPLAINT

v.    Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

vi.   Whether Defendants violated 47 U.S.C. § 227;

vii.  Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

viii. Whether Defendants violated 47 C.F.R. § 64.1200;

ix.   Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

x.    Whether the Court should award statutory damages per TCPA violation per fax;

xi.   Whether the Court should award treble damages per TCPA violation per fax; and

xii.  Whether the Court should enjoin Defendants from sending TCPA-violating fax advertisements in the future.

c.    <u>Typicality.</u>   Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.    <u>Adequacy.</u>   Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated many such cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.    <u>Superiority.</u>   A class action is the superior method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

- 11 -

f.     Defendants have acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the Class as a whole.

## COUNT 1
### Violation of 47 U.S.C. § 227 (TCPA)
### (On Behalf of Plaintiff and the Class)

44.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

46.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

47.    A sender may not transmit an advertisement unless: (i) it has an established business relationship with the recipient, (ii) it obtained the facsimile number voluntarily within the business relationship or the recipient voluntarily disseminated its number to the public, ***and*** (iii) the advertisement includes the requisite opt-out notice on the first page. *See* 47 U.S.C. §§ 227(b)(1)(C), (b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

48.    The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a

violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

49.     The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

50.     On February 13, 2017, Defendant Ultimate Dental transmitted the Fax to Plaintiff's facsimile machine on Defendant Dentsply Maillefer's behalf.

51.     Plaintiff does not have an established business relationship with Defendants, did not request to receive the Fax from Defendants, did not publicly disseminate its facsimile number for the purpose of receiving fax advertisements, and did not otherwise provide the requisite prior express invitation or permission to receive the Fax.

52.     The Fax did not include a clear and conspicuous opt-out notice on its first page informing Plaintiff of its right to request to no longer receive fax advertisements. The Fax further did not include that Defendants' failure to respond to such a request within (30) days was unlawful, all in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

53.     The Fax likewise did not include a clear and conspicuous first-page notice identifying a cost-free method for Plaintiff to submit an opt-out request. *See* 47 U.S.C. §§ 227(b)(1)(C), (b)(2)(D); 47 C.F.R. § 64.1200(a)(4)(iii).

54.     Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

a.     receiving the faxed advertisements caused the recipients to lose paper and toner consumed in printing the faxes;

b.     Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

- 13 -

c. The faxes cost the recipients time, which was wasted receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d. The faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

55. Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' facsimile machines, or to consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

56. Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and similar faxes were advertisements, and (d) the Fax and similar faxes did not display the proper opt-out notice.

57. Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar fax advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).Accordingly, Plaintiff seeks an Order: (i) enjoining Defendants from sending unsolicited fax advertisements; (ii) awarding damages to Plaintiff and the Class in the amount of $1,500 for each unlawful fax advertisement received, and (iii) requiring Defendants to pay attorneys' fees and costs to Plaintiff's counsel.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, for itself and all others similarly situated, prays for judgment against Defendants, jointly and severally, as follows:

a. for an order certifying this action as a class action and appointing

CLASS ACTION COMPLAINT

Plaintiff as Class representative;

b.      for and order appointing the undersigned counsel as Class counsel;

c.      for statutory damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.      for treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3) for Defendants' willful and knowing violations of law;

e.      for an order enjoining Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.      for an order awarding class counsel reasonable attorneys' fees and all expenses of this action and requiring Defendants to pay the costs and expenses of class notice and claim administration;

g.      for an order awarding Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.      for prejudgment interest and costs; and

i.      for an order granting Plaintiff all other relief deemed just and proper.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

/ / /

/ / /

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT

# JURY DEMAND

Plaintiff demands a trial by jury on all issues that may be so tried.

Dated:  November 1, 2017       Respectfully submitted,

**MARLIN & SALTZMAN, LLP**

By:   _s/  Adam M. Tamburelli_____
      Stanley D. Saltzman
      Adam M. Tamburelli
      29800 Agoura Rd, Suite 210
      Agoura Hills, CA 91301
      Phone: (818) 991-8080
      Fax: (818) 991-8081
      ssaltzman@marlinsaltzman.com
      atamburelli@marlinsaltzman.com

      Ronald J. Eisenberg
      **SCHULTZ & ASSOCIATES LLP**
      640 Cepi Drive, Suite A
      Chesterfield, MO 63005
      Phone: (636) 537-4645
      Fax: (636) 537-2599
      reisenberg@sl-lawyers.com

# EXHIBIT 1

## to Complaint

# EXHIBIT 1

## to Complaint

# Buy Any 2, Get 1 FREE! *PLUS* Get 6 Packs of Original Files FREE!



Free Goods Value up to $125.40*

# Dentsply Maillefer Sealers



## AH Plus Jet

Starter Kit 15 gm. Syringe and Accessories 1401-667005 .................................................. **$87.95**

Syringe Refill 2 (15gm.) Syringes 1401-667007 ..................................................... **$174.25**



## AH26

Powder & Liquid 1401-667000 ........**$102.75**

Resin Refill 10 gm. 1401-667002 ...........**$42.95**



## AH Plus

Tubes 2 (4 mL) Tubes 1401-667003 .........**$101.90**



**Ultimate Dental**
A Division of Endoco

2099 HILLSHIRE CIRCLE   MEMPHIS, TN 38133
(800) 388-7868   UltimateDental.com

**YOU MUST MENTION THIS PROMO #: MCD**
**Valid February 13-24, 2017 ONLY.** Free goods ship from Maillefer. Valid while supplies last. Free goods must be of equal or lesser value. Limit 5 Per Doctor. Contract customers are included. Valid to this office only. Cannot be combined with any other Dentsply promotion. *Value of free goods will vary based on product choice. K-files are not included and free goods are limited to available sizes.



WE KNOW ENDO.

**DENTSPLY MAILLEFER**