JUSTIN M. PENN (SBN 302350)
ADAM B. RUCKER (SBN 309516)
arucker@hinshawlaw.com
jpenn@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 W. 5th Street, 47th Floor
Los Angeles, CA 90071
Telephone:  213-680-2800
Facsimile:  213-614-7399

**HUSCH BLACKWELL LLP**
James F. Monafo *Pro Hac Vice*
Matthew D. Knepper *Pro Hac Vice*
Jim.Monafo@huschblakwell.com
Matt.Knepper@huschblackwell.com
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone:  314-480-1500
Facsimile:  314-480-1505

Attorneys for Defendant Dentsply
Sirona, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| RYOO DENTAL, INC. d/b/a RYOO DENTAL, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> DENTSPLY SIRONA, INC. d/b/a DENTSPLY MAILLEFER and ENDOCO INC. d/b/a ULTIMATE DENTAL, <br><br> Defendants. | Case No. 8:17-cv-01932-DOC-DFM <br><br> (Honorable David O. Carter) <br><br> **ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** <br><br> Complaint Filed:  11/1/17 <br><br> **JURY TRIAL DEMANDED** |

300970316v1 1002814

Defendant Dentsply Sirona, Inc. ("Defendant"), by and through its attorneys, and for its Answer to Plaintiff's Class Action Complaint for Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), states as follows:

## JURISDICTION AND VENUE

1.　Defendant admits the allegations set forth in Paragraph 1.

2.　Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 and, therefore, denies the same.

3.　Defendant admits that it conducts business in the State of California. Defendant is without knowledge or information sufficient to form a belief as to what "substantial business" means and, therefore, denies the same.

## PARTIES

4.　Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 and, therefore, denies the same.

5.　Defendant admits the allegations contained in Paragraph 5.

6.　Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 and, therefore, denies the same.

## COMMON FACTUAL ALLEGATIONS

7.　Defendant admits the allegations set forth in Paragraph 7.

8.　Defendant admits that it produces dental equipment, anesthetics, implants and other supplies for sales to dental offices. Defendant is without knowledge or information sufficient to form a belief as any remaining allegations in this paragraph, therefore, denies the same.

9.　Defendant admits that its most recently filed 10-K contains the statement reproduced above.

10.　Defendant admits that its website contains the statement reproduced above.

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

11.     Defendant admits that its website contains the statement reproduced above.

12.     Defendant admits that it contracts with distributors to sell its products and that United States-based consumers can purchase its products through dealers. Any remaining allegations in Paragraph 12 are denied.

13.     Defendant admits Ultimate Dental is authorized dealer of Dentsply Maillefer and other Dentsply Sirona Inc. products.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 13 and, therefore, denies the same.  Defendant further denies that it sent the Fax or that the Fax was sent on its behalf.

14.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 and, therefore, denies the same.

15.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 and, therefore, denies the same.

16.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 16 and, therefore, denies the same.

17.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 and, therefore, denies the same.

18.     Paragraph 18 is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that the Fax attached to the Complaint contains the statement reproduced above. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations, and, therefore, denies the same.

19.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 and, therefore, denies the same.

20.     Defendant admits that the Fax attached to the Complaint states that all free goods "ship from Maillefer." Defendant denies that it sent the Fax or that the Fax was sent on its behalf.

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

23. Defendant denies the allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24. Defendant further denies that it sent the Fax or that the Fax was sent on its behalf.

25. Defendant admits that the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii) contains the above stated language. Defendant denies that it sent the Fax or that the Fax was sent on its behalf.

26. Defendant denies the allegations contained in Paragraph 26. Defendant further denies that it sent the Fax or that the Fax was sent on its behalf.

27. Defendant denies the allegations contained in Paragraph 27. Defendant further denies that it sent the Fax or that the Fax was sent on its behalf.

28. Defendant denies the allegations contained in Paragraph 28.

29. Defendant denies the allegations contained in Paragraph 29.

30. Defendant denies the allegations contained in Paragraph 30.

31. Defendant denies the allegations contained in Paragraph 31. Defendant further denies that it sent the Fax or that the Fax was sent on its behalf.

32. Defendant denies the allegations contained in Paragraph 32. Defendant further denies that it sent the Fax or that the Fax was sent on its behalf.

**FACTS SPECIFIC TO PLAINTIFF**

33. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 33 and, therefore, denies the same.

34. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 and, therefore, denies the same.

35. Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 and, therefore, denies the same.

36.    Defendant admits that the Fax contains the statement reproduced above.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 36 and, therefore, denies the same.

37.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 37 and, therefore, denies the same.

38.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 38 and, therefore, denies the same.

39.    Defendant denies the allegations contained in Paragraph 39.

40.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 40 and, therefore, denies the same.

## CLASS ACTION ALLEGATIONS

41.    Paragraph 41 states no allegations requiring a response. To the extent a response is required, Defendant admits that Plaintiff brings this action, and denies that this case is properly maintained as a class action, denies that this is a valid class definition, and denies the remaining allegations in Paragraph 41.

42.    Paragraph 42 states no allegations, thus, no response is required.  To the extent a further response is required, Defendant denies the allegations contained in Paragraph 42.

43.    Defendant denies that this case is appropriate as a class action. Defendant denies the remaining allegations contained in Paragraph 43 and all of its subparts.

## COUNT 1
### Violation of 47 U.S.C. § 227 (TCPA)
### (On Behalf of Plaintiff and the Class)

44.    To the extent Plaintiff incorporates the foregoing allegations as if fully set forth herein; Defendant incorporates its answers to the foregoing allegations as if fully set forth herein.

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

45.     Paragraph 45 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45.

46.     Paragraph 46 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46.

47.     Paragraph 47 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47.

48.     Paragraph 48 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 48.

49.     Paragraph 49 is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49.

50.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 50 and, therefore, denies the same. Defendant denies that it sent the Fax or that the Fax was sent on its behalf.

51.     Plaintiff denies the allegations contained in Paragraph 51.

52.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 52 and, therefore, denies the same.

53.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 53 and, therefore, denies the same.

54.     Defendant denies the allegations contained in Paragraph 54 and all of its subparts.

55.     Defendant denies the allegations contained in Paragraph 55.

56.     Defendant denies the allegations contained in Paragraph 56.

57.     Defendant denies the allegations contained in Paragraph 57.

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

1

2        **PRAYER FOR RELIEF**

3        Defendant Dentsply Sirona, Inc. denies that Plaintiff or any other putative

4  class member is entitled to the relief requested in paragraphs (a) through (i),

5  including the introductory "WHEREFORE" passage.

6        **JURY DEMAND**

7        Defendant Dentsply Sirona, Inc. demands a trial by jury on all issues so

8  triable.

9        **ADDITIONAL AFFIRMATIVE DEFENSES**

10       Without admitting any of the allegations in Plaintiff's Complaint, Defendant

11
12 asserts and alleges the following Defenses and Affirmative Defenses.  By alleging

13 the defenses below, Defendant does not in any way agree or concede that Plaintiff

14
15 has properly stated any cause of action or that Defendant has the burden of proof or

16 persuasion with respect to any of its defenses.

17       1.      Plaintiff's Complaint fails to state a claim upon which relief can be

18
19 granted.

20       2.      The Court lacks subject matter jurisdiction over Plaintiff's claim to the

21 extent Plaintiff has no standing under Article III.

22
23       3.      In the event that this Court concludes that the question of whether a

24 facsimile was "unsolicited" is a defense rather than an element of Plaintiff's claims,

25 the TCPA bars the claims of Plaintiff or any putative class member who consented

26
27 to receive any facsimiles at issue, or who otherwise gave permission or consented to

28 the transmission of any such facsimiles.  Defendant pleads this affirmative defense

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

without conceding that it is, in fact, an affirmative defense or a defense on which Defendant bears the burden of proof, as opposed to an element of Plaintiff's claim on which Plaintiff bears the burden of proof as part of Plaintiff's case in chief.

4.      Plaintiff's claims are barred because the faxes at issue were not "unsolicited" and because Plaintiff and any putative class members consented to the sending and receipt of the faxes at issue, including but not limited to, on information and belief, by signing up or registering for an account with Ultimate Dental and/or by providing its fax number.

5.      Plaintiff does not have standing to assert the alleged claims because Plaintiff did not suffer any damages, the faxes at issue were not unsolicited, and Plaintiff consented to the sending and receipt of the faxes at issue.

6.      In the event that this Court concludes that the question of whether a facsimile was "unsolicited" is a defense rather than an element of Plaintiff's claims, the TCPA bars the claims of Plaintiff or any putative class member who had an established business relationship with defendants. Defendant pleads this affirmative defense without conceding that it is, in fact, an affirmative defense or a defense on which Defendant bears the burden of proof, as opposed to an element of Plaintiff's claim on which Plaintiff bears the burden of proof as part of Plaintiff's case in chief.

7.      Defendant and Plaintiff had an established business relationship during and/or before the time period during which the faxes at issue were distributed.

8.    Plaintiff and putative class members are estopped from maintaining the claims asserted in Plaintiff's Complaint.

9.    Plaintiff and putative class members have waived the claims asserted in Plaintiff's Complaint.

10.    Plaintiff and putative class members have ratified and acquiesced to the conduct alleged in the Complaint to be unlawful by their conduct, and are therefore barred from now seeking damages as a result of that conduct.

11.    47 C.F.R. § 64.1200(a)(4)(iv), or any predecessor regulation purporting to be applicable to <u>solicited</u> faxes, could not have properly been promulgated by the Federal Communications Commission under the statutory section of the TCPA that authorizes a private cause of action, 47 U.S.C. § 227(b)(3), and therefore, is *ultra vires*, unconstitutional, and unenforceable. *See Bais Yaakov of Spring Valley v. FCC*, 852 F.3d 1078, 1083 (D.C. Cir. 2017).

12.    Any claim alleging a violation of 47 C.F.R. § 64.1200(a)(4)(iv), or any predecessor regulation purporting to be applicable to <u>solicited</u> faxes, is barred because such regulation(s) was adopted pursuant to authority other than 47 U.S.C. § 227(b) and does not provide for a private right of action.

13.    Plaintiff's claim under the TCPA is barred under the First Amendment to the United States Constitution, *inter alia*, because:

a.    The TCPA, as applied in this case, is an impermissible restraint on commercial speech in that it does not serve a significant government interest,

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

300970316v1 1002814

does not directly advance any government interest asserted, and restricts commercial speech that is neither misleading nor in service of unlawful activity more than necessary.

b.     To the extent that the TCPA and/or regulations, if any, promulgated by the Federal Communications Commission, are interpreted to apply to solicited or otherwise consensual speech, the TCPA and/or such regulations, if any, as applied in this case, are an impermissible restraint on such speech in that it does not serve a significant government interest, does not directly advance any government interest asserted, and restricts commercial speech that is neither misleading nor in service of unlawful activity more than necessary.

c.     To the extent that the TCPA and/or regulations, if any, promulgated by the Federal Communications Commission, are interpreted to apply to solicited or otherwise consensual commercial speech and compel the inclusion of a specific word-for-word notice, the TCPA and/or such regulations, if any, as applied in this case, are an impermissible restraint on such speech in that it does not serve a significant government interest, does not directly advance any government interest asserted, and restricts commercial speech that is neither misleading nor in service of unlawful activity more than necessary.

14.    Plaintiff's claim under the TCPA is barred under the Due Process Clause of the Fifth Amendment to the United States Constitution, *inter alia*, because:

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

a.      the $500 per fax statutory damages provided by the TCPA are excessive and radically disproportionate to the *de minimis* actual damages, if any, sustained by Plaintiff and/or the purported class as a result of their receipt of an alleged fax advertisement(s);

b.      as applied to this case and Plaintiff, the purported notice requirement serves no legitimate public purpose since Plaintiff, as a serial TCPA plaintiff, knows perfectly well how to opt out of additional faxes with or without the additional terminology Plaintiff alleges is required.

15.    Plaintiff's claim under the TCPA is barred under the Equal Protection Clause of the United States Constitution because the TCPA prohibits facsimile of certain material advertising the commercial availability of property, goods or services while permitting certain facsimile advertising of different material that imposes the same burden on recipients.

16.    Plaintiff's claim for statutory damages under the TCPA is barred because it would impose excessive fines, particularly in a class action, disproportionate to harm, if any, actually suffered, in violation of the Eighth Amendment to the United States Constitution.

17.    Plaintiff's claim under the TCPA is barred by the Fifth Amendment of the United States Constitution under the void-for-vagueness doctrine.

18.    Plaintiff may not maintain this case as a class action because Congress intended that TCPA claims proceed solely as an individual action.

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

19.    This action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, *inter alia*, for the following and other reasons:

a.    Plaintiff's and putative class members' claims may not be maintained as a class action because trying the claims through a class action would violate Defendant's due process and other constitutional rights by (1) allowing for the recovery of damages by class members who do not have valid claims; (2) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties; and (3) depriving Defendant of its right to defend itself with respect to individual claims.

b.    Plaintiff's and putative class members' claims may not be maintained as a class action because the questions of law or fact at issue are not common to the alleged class, but are individually specific and will vary dramatically from person to person, including the issues of whether each putative class member provided invitation or permission to receive fax advertisements.

c.    Plaintiff's and putative class members' claims may not be maintained as a class action because the class is not so numerous that joinder of all members is impracticable.

d.    Plaintiff's and putative class members' claims may not be maintained as a class action because the claims of the representative parties are not typical of the claims of the class.

e.      Plaintiff's and putative class members' claims may not be maintained as a class action because the representatives will not adequately protect the interests of the class.

f.      Plaintiff's and putative class members' claims may not be maintained as a class action because any common questions of law or fact do not predominate over any questions affecting individual members of the purported class.

g.      Plaintiff's and putative class members' claims may not be maintained as a class action because a class action is not superior to other methods of adjudication.

h.      Plaintiff's and putative class members' claims may not be maintained as a class action because the prosecution of separate actions by individual members of the class would not create a risk of inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication

i.      Plaintiff's and putative class members' claims may not be maintained as a class action because Defendant has not acted or refused to act on grounds generally applicable to the class.

20.     Plaintiff may not maintain a TCPA claim based on any fax received by a recipient electronically and not through a telephone facsimile machine.

21.    With respect to plaintiff's claim for damages, Defendant incorporates all limitations on damage awards arising from the decisions in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Auto Ins. Co. v. Campbell*, 537 U.S. 1042 (2003).

22.    Plaintiff's claims are barred by the doctrine of laches.

23.    Plaintiff's and putative class members' claims are barred, in whole or in part, by the applicable statute of limitations or statutes of repose.

24.    Plaintiff's claims herein are barred by the doctrine of unclean hands.

25.    Any claim alleged in the Complaint is barred because Plaintiff has failed to mitigate its alleged damages.

26.    The claims of Plaintiff and putative class members are barred to the extent that any of the faxes at issue were sent by fax to a fax number shared by, assumed by, or otherwise associated with a person or business who had consented to receive any faxes from either Defendant, or who had an established business relationship with either Defendant.

27.    The claims of Plaintiff and the putative class members are barred to the extent that they were unintended recipients of any of the faxes at issue.

28.    Plaintiff's Complaint fails to allege facts or a cause of action sufficient to support a claim for costs or attorneys' fees, any award of pre-judgment and post-judgment interest; or any award of damages or trebling of damages.

29.     Plaintiff's Complaint fails to allege facts or a cause of action sufficient to support any finding that it has an inadequate remedy at law or is entitled to an injunction with respect to Defendant.

30.     Neither 47 C.F.R. 64.1200(a)(4)(iv), nor any predecessor regulation, is a valid legal basis to impose liability for sending solicited faxes and does not provide a private right of action.

31.     To the extent Plaintiff has validly stated claims for any violation of the TCPA, which Defendant denies, any such violations were committed by third parties outside of the control of Defendant, and Defendant cannot be held liable for the acts of any such third party.

32.     Defendant's investigation continues and Defendant reserves the right to amend this answer to set forth any and all other defenses and affirmative defenses as may be supported by evidence adduced during this matter.

WHEREFORE, Defendant Dentsply Sirona Inc. prays for judgment in its favor and against Plaintiff as follows:

1.     That Plaintiff's Complaint be dismissed in its entirety without prejudice;

2.     That Plaintiff takes nothing by way of Plaintiff's Complaint;

3.     That Defendant recovers its costs, disbursements, and attorneys' fees in this action; and

4.     For such other and further relief as the Court deems just and proper.

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

1

2     DATED:  January 8, 2018

3                                                      Hinshaw & Culbertson LLP

4                                           By:  /s/ Justin M. Penn

5                                                Justin M. Penn

6                                                Husch Blackwell LLP

7                                                James F. Monafo
                                                 Matthew D. Knepper
8
                                                 Attorneys for Defendant Dentsply
9                                                Sirona, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this 8th day of January, 2018, I electronically

3   transmitted the attached document to the Clerk's Office using the CM/ECF System

4   for filing and transmittal of a Notice of Electronic Filing has been sent to all counsel

5   of record who are deemed to have consented to electronic service via the Court's

6   electronic filing system.

7

8                                              /s/ Justin M. Penn
                                               _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

300970316v1 1002814