1   Rachel A. Straus (SBN 268836)
    rstraus@sidley.com
2   SIDLEY AUSTIN LLP
    555 West Fifth Street
3   Los Angeles, CA 90013
    Tel. (213) 896-6000
4   Fax: (213) 896-6600

5   Kathleen Carlson *Pro Hac Vice*
    Kathleen.carlson@sidley.com
6   SIDLEY AUSTIN LLP
    One South Dearborn
7   Chicago, IL  60603
    Tel. (312) 853-7000
8   Fax: (312) 853-7036

9   Attorneys for Defendant
    ENDOCO, INC.
10

11                 UNITED STATES DISTRICT COURT

12                CENTRAL DISTRICT OF CALIFORNIA

13              SOUTHERN DIVISION AT SANTA ANA

14

15   RYOO DENTAL, INC. d/b/a RYOO          Case No.  8:17-CV-01932-DOC-DFM
     DENTAL, individually and on behalf of
16   all others similarly situated,,       Honorable David O. Carter

17          Plaintiff,                      **DEFENDANT ENDOCO, INC.'S
                                            ANSWER TO COMPLAINT AND
18        vs.                               AFFIRMATIVE DEFENSES**

19   DENTSPLY SIRONA, INC. d/b/a            **JURY TRIAL DEMANDED**
     DENTSPLY MAILLEFER and ENDOCO
20   INC. d/b/a/ ULTIMATE DENTAL,

21          Defendants.                     Complaint filed: November 1, 2017

22

23

24

25

26

27

28

227771218v.1

DEFENDANT ENDOCO, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1    Defendant Endoco, Inc. d/b/a Ultimate Dental ("Defendant"), by and through its

2  undersigned counsel, hereby responds to Plaintiff Ryoo Dental, Inc.'s Complaint For

3  Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

4  ("TCPA") as follows:

5                              **JURISDICTION AND VENUE**

6        1.    Admitted.

7        2.    Defendant lacks knowledge or information sufficient to form a belief as

8  to the truth of the allegations in paragraph 2.

9        3.    Defendant admits that it conducts business in the State of California.

10  Defendant is without knowledge or information sufficient to form a belief as to what

11  "substantial business" means and, therefore, denies the same.

12                                      **PARTIES**

13       4.    Defendant lacks knowledge or information sufficient to form a belief as

14  to the truth of the allegations in Paragraph 4.

15       5.    Defendant lacks knowledge or information sufficient to form a belief as

16  to the truth of the allegations in Paragraph 5.

17       6.    Admitted.

18                          **COMMON FACTUAL ALLEGATIONS**

19       7.    Admitted.

20       8.    Defendant lacks knowledge or information sufficient to form a belief as

21  to the truth of the allegations in Paragraph 8.

22       9.    Defendant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations in Paragraph 9.

24       10.   Defendant lacks knowledge or information sufficient to form a belief as

25  to the truth of the allegations in Paragraph 10

26       11.   Defendant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations in Paragraph 11.

28

2

DEFENDANT ENDOCO, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1   12.   Defendant lacks knowledge or information sufficient to form a belief as

2   to the truth of the allegations in Paragraph 12.

3   13.   Admitted.

4   14.   Denied.

5   15.   Defendant admits that it advertises Dentsply Maillerfer ("Dentsply")

6   products and offers promotions for Dentsply products. Defendant denies the

7   remaining allegations in paragraph 15.

8   16.   Denied, but to the extent Plaintiff is alleging that Defendant offers

9   rebates and promotional offers for Dentsply products, Defendant admits that it offers

10   rebate and promotional offers for Dentsply products.

11   17.   Defendant admits that it offers promotions of Dentsply products on its

12   website and via fax. Defendant also admits that it sent the fax attached as Exhibit 1

13   (the "Fax"). Defendant denies the remaining allegations in paragraph 17, including

14   that any fax it sent was unsolicited or that it engaged in any wrongdoing.

15   18.   The first sentence of paragraph 18 calls for a legal conclusion to which

16   no response is required. To the extent a response is required, Defendant denies it

17   engaged in any wrongdoing. The second sentence of paragraph 18 purports to quote

18   the Fax. The Fax speaks for itself and no response is required. Defendant admits the

19   third sentenced of paragraph 18.

20   19.   Admitted.

21   20.   The Fax speaks for itself and no response is required.

22   21.   Paragraph 21 calls for a legal conclusion to which no response is

23   required.

24   22.   Defendant admits that Dentsply approved of the fax in advance of

25   sending. Defendant lacks knowledge or information sufficient to form a belief as to

26   the truth of the remaining allegations in Paragraph 22.

27   23.   Paragraph 23 calls for a legal conclusion to which no response is

28   required. To the extent a response is required, Defendant denies that it engaged in any

227771218v.1

3

1  wrongdoing.

2      24.    Paragraph 24 calls for a legal conclusion to which no response is

3  required. To the extent a response is required, Defendant denies that it engaged in any

4  wrongdoing.

5      25.    Defendant admits that paragraph 25 purports to cite 47 C.F.R. §

6  64.1200(a)(4)(iii) and no response is required. To the extent a response is required,

7  Defendant denies that it engaged in any wrongdoing.

8      26.    The Fax speaks for itself and no response is required. To the extent a

9  response is required, Defendant denies that it engaged in any wrongdoing.

10     27.    Denied.

11     28.    Denied.

12     29.    Denied.

13     30.    Denied.

14     31.    Denied.

15     32.    Denied.

16                    **FACTS SPECIFIC TO PLAINTIFF**

17     33.    Defendant lacks knowledge or information sufficient to form a belief as

18  to the truth of the allegations in paragraph 33.

19     34.    Defendant admits that on February 13, 2017, it sent a fax to (714) 333-

20  1840. Defendant denies the remaining allegations in paragraph 34, including that the

21  fax was "unsolicited."

22     35.    Defendant lacks knowledge or information sufficient to form a belief as

23  to the truth of the allegations in paragraph 35.

24     36.    The Fax speaks for itself and no response is required.

25     37.    The Fax header speaks for itself and no response is required. Defendant

26  denies the remaining allegations contained in paragraph 37.

27     38.    The Fax speaks for itself and no response is required. To the extent a

28  response is required, Defendant denies it engaged in any wrongdoing.

227771218v.1

DEFENDANT ENDOCO, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1     39.     Denied.

2     40.     Defendant lacks knowledge or information sufficient to form a belief as

3 to the truth of the allegations in paragraph 40 but denies that it engaged in any

4 wrongdoing or caused Plaintiff harm.

5 **CLASS ACTION ALLEGATIONS**

6     41.     Defendant admits that Plaintiff purports to sue on his own behalf and on

7 behalf of a putative class, but denies that any class could properly be certified.

8     42.     Defendant admits that Plaintiff purports to exclude the listed individuals

9 and entities from its class definition, but denies that any class could properly be

10 certified.

11     43.     Denied including all of the subparts.

12

13 **COUNT 1**
**Violation of 47 U.S.C. § 227 (TCPA)**
**(On Behalf of Plaintiff and the Class)**

14     44.     Defendant incorporates its preceding answers by reference.

15     45.     The TCPA speaks for itself and no response is required. To the extent a

16 response is required, Defendant denies that it engaged in any wrongdoing,

17     46.     The TCPA speaks for itself and no response is required. To the extent a

18 response is required, Defendant denies that it engaged in any wrongdoing.

19     47.     The TCPA speaks for itself and no response is required. To the extent a

20 response is required, Defendant denies that it engaged in any wrongdoing.

21     48.     The TCPA speaks for itself and no response is required. To the extent a

22 response is required, Defendant denies that it engaged in any wrongdoing and denies

23 that Plaintiff is entitled to any damages.

24     49.     The TCPA speaks for itself and no response is required. To the extent a

25 response is required, Defendant denies that it engaged in any wrongdoing and denies

26 that Plaintiff is entitled to any damages, including treble damages.

27     50.     Denied.

28     51.     Denied.

1    52.    The fax speaks for itself and no response is required. To the extent a

2    response is required, Defendant denies that it engaged in any wrongdoing.

3    53.    The fax speaks for itself and no response is required. To the extent a

4    response is required, Defendant denies that it engaged in any wrongdoing.

5    54.    Denied.

6    55.    Defendant denies the first part of paragraph 55. The second part of the

7    paragraph 55 ("therefore, treble damages are warranted under 47 U.S.C. § 227(b)(4)")

8    calls for a legal conclusion to which no response is required. To the extent a response

9    is required, Defendant denies that treble damages are warranted.

10    56.    Denied.

11    57.    Defendant denies the first sentence of paragraph 57. Defendant admits

12    that Plaintiff purports to seek the order described in paragraph 57, but denies that

13    Plaintiff is entitled to such an order or any damages or relief from Defendant.

### PRAYER FOR RELIEF

15    Defendant denies all allegations in Plaintiff's Request for Relief and denies that

16    Plaintiff and the putative class are entitled to any relief in this action.

### JURY DEMAND

18    Defendant demands a trial by jury on all triable issues.

### ADDITIONAL AFFIRMATIVE DEFENSES

20    Without admitting any of the allegations in the Complaint, Defendant asserts

21    and alleges the following Defenses and Affirmative Defenses.  By alleging the

22    defenses below, Defendant does not in any way agree or concede that Plaintiff has

23    properly stated any cause of action or that Defendant has the burden of proof or

24    persuasion with respect to any of its defenses.

25    1.    The Complaint fails to state a claim upon which relief can be granted.

26    2.    The Court lacks subject matter jurisdiction over Plaintiff's claim to the

27    extent Plaintiff has no standing under Article III.

28

227771218v.1

1    3.    In the event this Court concludes that the question of whether a facsimile

2 was "unsolicited" is a defense rather than an element of Plaintiff's claims, the TCPA

3 bars the claims of Plaintiff or any putative class member who consented to receive any

4 facsimiles at issue, or who otherwise gave permission or consented to the transmission

5 of any such facsimiles. Defendant pleads this affirmative defense without conceding

6 that it is, in fact, an affirmative defense or a defense on which Defendant bears the

7 burden of proof, as opposed to an element of Plaintiff's claim on which Plaintiff bears

8 the burden of proof as part of Plaintiff's case in chief.

9    4.    Plaintiff's claims are barred because the fax at issue was not

10 "unsolicited" and because Plaintiff consented to the sending and receipt of the fax at

11 issue, including but not limited to, by signing up or registering for an account with it

12 or Dentsply and/or by providing its fax number.

13    5.    Plaintiff does not have standing to assert the alleged claims because

14 Plaintiff did not suffer any damages, the fax at issue was not unsolicited, and Plaintiff

15 consented to the sending and receipt of the faxes at issue.

16    6.    In the event this Court concludes that the question of whether a facsimile

17 was "unsolicited" is a defense rather than an element of Plaintiff's claims, the TCPA

18 bars the claims of Plaintiff or any putative class member who had an established

19 business relationship with it and/or Dentsply. Defendant pleads this affirmative

20 defense without conceding that it is, in fact, an affirmative defense or a defense on

21 which Defendant bears the burden of proof, as opposed to an element of Plaintiff's

22 claim on which Plaintiff bears the burden of proof as part of Plaintiff's case in chief.

23    7.    Defendant and Plaintiff had an established business relationship during

24 and/or before the time period during which the faxes at issue were distributed.

25    8.    Plaintiff and putative class members are estopped from maintaining the

26 claims asserted in the Complaint.

27    9.    Plaintiff and putative class members have waived the claims asserted in

28 the Complaint.

7

DEFENDANT ENDOCO, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1       10.    Plaintiff and putative class members have ratified and acquiesced to the

2   conduct alleged in the Complaint to be unlawful by their conduct, and are therefore

3   barred from now seeking damages as a result of that conduct.

4       11.    47 C.F.R. § 64.1200(a)(4)(iv), or any predecessor regulation purporting

5   to be applicable to <u>solicited</u> faxes, could not have properly been promulgated by the

6   Federal Communications Commission under the statutory section of the TCPA that

7   authorizes a private cause of action, 47 U.S.C. § 227(b)(3), and therefore, is *ultra*

8   *vires*, unconstitutional, and unenforceable. *See Bais Yaakov of Spring Valley v. FCC*,

9   852 F.3d 1078, 1083 (D.C. Cir. 2017).

10       12.    Any claim alleging a violation of 47 C.F.R. § 64.1200(a)(4)(iv), or any

11   predecessor regulation purporting to be applicable to <u>solicited</u> faxes, is barred because

12   such regulation(s) was adopted pursuant to authority other than 47 U.S.C. § 227(b)

13   and does not provide for a private right of action.

14       13.    Plaintiff's claim under the TCPA is barred under the First Amendment to

15   the United States Constitution, *inter alia*, because:

16           a.    The TCPA, as applied in this case, is an impermissible restraint on

17       commercial speech in that it does not serve a significant government interest,

18       does not directly advance any government interest asserted, and restricts

19       commercial speech that is neither misleading nor in service of unlawful activity

20       more than necessary.

21           b.    To the extent that the TCPA and/or regulations, if any,

22       promulgated by the Federal Communications Commission, are interpreted to

23       apply to solicited or otherwise consensual speech, the TCPA and/or such

24       regulations, if any, as applied in this case, are an impermissible restraint on

25       such speech in that it does not serve a significant government interest, does not

26       directly advance any government interest asserted, and restricts commercial

27       speech that is neither misleading nor in service of unlawful activity more than

28       necessary.

8

DEFENDANT ENDOCO, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1          c.     To the extent that the TCPA and/or regulations, if any,

2    promulgated by the Federal Communications Commission, are interpreted to

3    apply to solicited or otherwise consensual commercial speech and compel the

4    inclusion of a specific word-for-word notice, the TCPA and/or such

5    regulations, if any, as applied in this case, are an impermissible restraint on

6    such speech in that it does not serve a significant government interest, does

7    not directly advance any government interest asserted, and restricts

8    commercial speech that is neither misleading nor in service of unlawful

9    activity more than necessary.

10       14.    Plaintiff's claim under the TCPA is barred under the Due Process Clause

11   of the Fifth Amendment to the United States Constitution, *inter alia*, because:

12         a.     the $500 per fax statutory damages provided by the TCPA are

13   excessive and radically disproportionate to the *de minimis* actual damages, if

14   any, sustained by Plaintiff and/or the purported class as a result of their receipt

15   of an alleged fax advertisement(s);

16         b.     as applied to this case and Plaintiff, the purported notice

17   requirement serves no legitimate public purpose since Plaintiff, as a serial

18   TCPA plaintiff, knows perfectly well how to opt out of additional faxes with or

19   without the additional terminology Plaintiff alleges is required.

20       15.    Plaintiff's claim under the TCPA is barred under the Equal Protection

21   Clause of the United States Constitution because the TCPA prohibits facsimile of

22   certain material advertising the commercial availability of property, goods or

23   services while permitting certain facsimile advertising of different material that

24   imposes the same burden on recipients.

25       16.    Plaintiff's claim for statutory damages under the TCPA is barred

26   because it would impose excessive fines, particularly in a class action,

27   disproportionate to harm, if any, actually suffered, in violation of the Eighth

28   Amendment to the United States Constitution.

1    17.   Plaintiff's claim under the TCPA is barred by the Fifth Amendment of

2  the United States Constitution under the void-for-vagueness doctrine.

3    18.   Plaintiff may not maintain this case as a class action because Congress

4  intended that TCPA claims proceed solely as an individual action.

5    19.   This action may not be maintained as a class action pursuant to Rule 23

6  of the Federal Rules of Civil Procedure, *inter alia*, for the following and other

7  reasons:

8    a.   Plaintiff's and putative class members' claims may not be

9    maintained as a class action because trying the claims through a class action

10   would violate Defendant's due process and other constitutional rights by (1)

11   allowing for the recovery of damages by class members who do not have

12   valid claims; (2) allowing the class action procedural device to change the

13   substantive law and substantive rights and responsibilities of the parties; and

14   (3) depriving Defendant of its right to defend itself with respect to individual

15   claims.

16   b.   Plaintiff's and putative class members' claims may not be

17   maintained as a class action because the questions of law or fact at issue are not

18   common to the alleged class, but are individually specific and will vary

19   dramatically from person to person, including the issues of whether each

20   putative class member provided invitation or permission to receive fax

21   advertisements.

22   c.   Plaintiff's and putative class members' claims may not be

23   maintained as a class action because the class is not so numerous that joinder of

24   all members is impracticable.

25   d.   Plaintiff's and putative class members' claims may not be

26   maintained as a class action because the claims of the representative parties are

27   not typical of the claims of the class.

28

e.  Plaintiff's and putative class members' claims may not be maintained as a class action because the representatives will not adequately protect the interests of the class.

f.  Plaintiff's and putative class members' claims may not be maintained as a class action because any common questions of law or fact do not predominate over any questions affecting individual members of the purported class.

g.  Plaintiff's and putative class members' claims may not be maintained as a class action because a class action is not superior to other methods of adjudication.

h.  Plaintiff's and putative class members' claims may not be maintained as a class action because the prosecution of separate actions by individual members of the class would not create a risk of inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication

i.  Plaintiff's and putative class members' claims may not be maintained as a class action because Defendant has not acted or refused to act on grounds generally applicable to the class.

20.  Plaintiff may not maintain a TCPA claim based on any fax received by a recipient electronically and not through a telephone facsimile machine.

21.  With respect to plaintiff's claim for damages, Defendant incorporates all limitations on damage awards arising from the decisions in *BMW of North America v. Gore*, 517 U.S. 559 (1996) and *State Farm Mutual Auto Ins. Co. v. Campbell*, 537 U.S. 1042 (2003).

22.  Plaintiff's claims are barred by the doctrine of laches.

DEFENDANT ENDOCO, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

23.     Plaintiff's and putative class members' claims are barred, in whole or in part, by the applicable statute of limitations or statutes of repose.

24.     Plaintiff's claims herein are barred by the doctrine of unclean hands.

25.     Any claim alleged in Plaintiff's Complaint is barred because Plaintiff has failed to mitigate its alleged damages.

26.     The claims of Plaintiff and putative class members are barred to the extent that the fax at issue was sent by fax to a fax number shared by, assumed by, or otherwise associated with a person or business who had consented to receive any faxes from either Defendant, or who had an established business relationship with either Defendant.

27.     The claims of Plaintiff and the putative class members are barred to the extent that they were unintended recipients of any of the faxes at issue.

28.     The Complaint fails to allege facts or a cause of action sufficient to support a claim for costs or attorneys' fees, any award of pre-judgment and post-judgment interest; or any award of damages or trebling of damages.

29.     The Complaint fails to allege facts or a cause of action sufficient to support any finding that it has an inadequate remedy at law or is entitled to an injunction with respect to Defendant.

30.     Neither 47 C.F.R. 64.1200(a)(4)(iv), nor any predecessor regulation, is a valid legal basis to impose liability for sending solicited faxes and does not provide a private right of action.

31.     Defendant's investigation continues and Defendant reserves the right to amend this answer to set forth any and all other defenses and affirmative defenses as may be supported by evidence adduced during this matter.

WHEREFORE, Defendant Endoco, Inc. prays for judgment in its favor and against Plaintiff as follows:

1.     The Complaint be dismissed in its entirety without prejudice;

2.     Plaintiff takes nothing by way of the Complaint;

227771218v.1

12

1     3.     Defendant recovers its costs, disbursements, and attorneys' fees in this
2  action; and
3     4.     For such other and further relief as the Court deems just and proper.

Dated: January 10, 2018                    SIDLEY AUSTIN LLP

                                           By: */s/ Rachel A. Straus*
                                                RACHEL A. STRAUS

                                           *Attorneys for Defendant Endoco, Inc.*

13
DEFENDANT ENDOCO, INC.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES